IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTIN KENTRAE KENDALL, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:09-CV-90061 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:06-cr-47 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Kendall was indicted in this court on April 26, 2006, for Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C.§ 841(a)(1), for Possession of a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C.§ 924(c)(1), and for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C.§ 922(g)(1) and 924(a)(2). (Doc. 1). After jury trial, Kendall was acquitted on Counts I and II, but convicted on Count III of Possession of a Firearm by a Convicted Felon. (Doc. 50). He was sentenced to a term of 75 months imprisonment on May 23, 2007. (Doc. 57). Kendall appealed his conviction and sentence which the United States Court of Appeals for the Eleventh Circuit affirmed on February 20, 2008. (Doc. 71). Petitioner Kendall did not make application to the United States Supreme Court for *writ of certiorari*. However, on August 21, 2009, he signed the "Cover Letter" (Doc. 73-3) prefacing his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 73) and is assumed to have placed the same

in the prison mail on that date, effecting filing with this court.[1] Kendall acknowledges in his "Cover Letter" that his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is late. He states:

> Movant is submitting this § 2255 late due to the fact that on March 4, 2009, while in the Atlanta Penitentiary I was placed in disciplinary segregation (See attached hereto copy of incident report) and prison officials confiscated Movant's property which contained his legal work and refused to allow him access while detained in segregation there in Atlanta. . . . [H]e believes under these circumstances that equitable tolling would apply and that it would provide circumstances that would allow his § 2255 to proceed without being time barred.

(Doc. 73-3 at 1). The attached Bureau of Prison's form S288 Incident Report states that on March 5, 2009, a shakedown of Petitioner's cell was conducted and Kendall was cited for "possession of hazardous tool (and) conduct disruptive to security or orderly running of a BOP facility." (Doc. 73-3 at 3).

## Discussion

Petitioner's documentation indicates very strongly that he is the author of his own misfortune. In *Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002), the Court observed:

> Because it is "an extraordinary remedy," *Steed,* 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly," *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457 (1990). . . . Since the Court has upheld "the signal purpose animating AEDPA as being the desire of Congress to achieve finality in criminal cases, both federal and state," through strict interpretation of the one-year limitation period for federal prisoners in § 2255, we must be cautious in analyzing a § 2255 Petitioner's appellate issues not to "create a loophole which is contrary to the legislative intent of insuring a greater degree of finality." *Brackett v. United States,* 270 F.3d 60, 69 (1st Cir. 2001), *cert. denied,* 535 U.S. 1003, 122 S.Ct.

---

[1] Our Court of Appeals held in *Washington v. United States,* 243 F.3d 1299, 1300 (11th Cir. 2001), that: "A prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing."

1575 (2002).

The limitations period for filing a motion to vacate, etc., is not equitably tolled based on prison lockdowns and misplacement of a defendant's legal papers. Prison lockdowns do not constitute an unconstitutional impediment, the removal of which would trigger the statute of limitations for filing a § 2255 motion. *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000), *cert. denied,* 121 S.Ct. 410 (2000).

In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.'* 28 U.S.C. § 2255(1) (emphasis added)." Finality for the purposes of a § 2255 motion is "when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmance of the conviction." *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003). At Section 18 of his Motion To Vacate (Doc. 73), Petitioner Kendall misinterprets *Clay* to provide a 15 month period in which to file a § 2255 collateral attack on his conviction. In *Clay,* the Supreme Court clearly provided that the AEDPA one-year period of limitations begins to run only from the time application for *certiorari* upon a Circuit Court decision expires. Petitioner Kendall's judgment of conviction and sentence was affirmed by the United States Court of Appeals for the Eleventh Circuit on February 20, 2008.[2] (Doc. 71). Supreme Court Rule 13.3 provides that "a petition for a writ of certiorari to review a judgement in any case entered by . . . a United States court of appeals is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." The

---

[2]"[T]he entry of [appellate court] judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)." *Chavers v. Secr., Florida Dept. Of Corrections,* 468 F.3d 1273, 1275 (11th Cir. 2006).

Eleventh Circuit Court's Judgment was entered on February 20, 2008, and Petitioner Kendall's ninety (90) day allowance to file application for *writ of certiorari* under Supreme Court Rule 13.3 ended on May 20, 2008.[3] Therefore, his AEDPA one-year period of limitations began to run on May 21, 2008, and ended on May 20, 2009.  On August 21, 2009, when Kendall signed the cover letter attached to his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, his AEDPA one-year period of limitations had been expired for ninety (90) days.

In *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785 (1985), the United States Supreme Court ruled:

> The notion that a filing deadline can be complied with by filing something after the deadline falls due is . . . a notion without principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

*Id.,* 471 U.S. at 101, 105 S.Ct. at 1796.  "A filing deadline cannot be complied with, substantially or otherwise by filing late – even one day." *Carlisle v. United States*, 517 U.S. 416, 430, 116 S.Ct. 1460 (1996).

Petitioner Kendall has shown no extraordinary circumstances to warrant equitable tolling of the AEDPA one-year period of limitations, and his § 2255 Motion is barred. 28 U.S.C.§ 2255(f).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Kendall's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as time-barred.  Pursuant to

---

[3]The year 2008  was a leap year with February having 29 days.

4

28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 26th day of August 2009.

          **S/ G. MALLON FAIRCLOTH**
          **UNITED STATES MAGISTRATE JUDGE**