IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTIN KENTRAE KENDALL, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:09-CV-90061 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:06-CR-47 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

Petitioner Kendall was indicted in this court on April 26, 2006, for Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C.§ 841(a)(1), for Possession of a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C.§ 924(c)(1), and for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C.§ 922(g)(1) and 924(a)(2). (Doc. 1).  After jury trial, Kendall was acquitted on Counts I and II, but convicted on Count III of Possession of a Firearm by a Convicted Felon. (Doc. 50).  He was sentenced to a term of 75 months imprisonment on May 23, 2007. (Doc. 57).  Kendall appealed his conviction and sentence which the United States Court of Appeals for the Eleventh Circuit affirmed on February 20, 2008. (Doc. 71).  Petitioner Kendall did not make application to the United States Supreme Court for *writ of certiorari,* although he was allowed 90 days within which to do so, before his AEDPA one-year period of limitations began to run . Therefore, the AEDPA one-year period of limitation within which to file a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, began to run on May 22, 2008, and expired on May 21, 2009.[1]  Kendall's § 2255 Motion, which was not forthcoming until August 21,

---

[1] Finality for the purposes of a § 2255 motion is "when the time expires for filing a petition for certiorari contesting the appellate court's affirmance of the conviction." *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003).

2009, was 90 days beyond the AEDPA one-year period of limitations. Kendall acknowledged the lateness of his filing and proffered a number of excuses and complaints against the prison officials, none of which were countinanced by the existing law of the United States Supreme Court or the Court of Appeals for the Eleventh Circuit. Therefore, Report and Recommendation was filed with the District Judge on August 26, 2009, recommending that Petitioner's Motion be dismissed as untimely, to which recommendation Petitioner Kendall was given until September 18, 2009, to file objections. He filed none on that date, but the District Judge did not enter Judgment dismissing his § 2255 Motion until October 7, 2009. (Doc. 77). Finally, on November 30, 2009, Petitioner filed Objections to the Report and Recommendation (Doc. 79). Petitioner's Objections were 73 days late.

On November 30, 2009, Petitioner also filed a Motion for Relief from Judgment pursuant to Fed.R.Civ. P. 60(b)(1) "to reopen his proceedings held pursuant to 28 U.S.C. § 2255 so that he may make timely objections to the Magistrate [Judge's] Report and Recommendation, as well as amend his petition." (Doc. 82). Petitioner quotes the provisions of Rule 60(b)(1) which he seeks to employ for relief from his § 2255 habeas dismissal, to wit:

> On motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     mistake, inadvertence, surprise, or excusable neglect.

Petitioner cites civil cases in support of his intention to employ this civil rule in his criminal habeas action. However, the United States Court of Appeals for the Eleventh Circuit has determined the limitation of the use of Rule 60(b) in § 2255 or habeas cases. In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been

clarified. 366 F.3d 1253 (11th Cir. 2004). . . . Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon*[2] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[3] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The *Boone* Court went on to say that if the Rule 60(b) motion is not designed to prevent a fraud upon the court, but rather to re-open a defendant's habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Petitioner Kendall pleads that his Rule 60 Motion is to re-open his § 2255 habeas case. Petitioner Kendall's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 was a year and ninety days late in filing and his Objections were 73 days late. No Eleventh Circuit Court of Appeals case exists where such neglect has been found excusable nor have prison conditions been found to toll statutes of limitations.

Petitioner Kendall also filed on November 30, 2009, a Motion To Alter and/or Amend the Petition. It is axiomatic that if Kendall's original Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 was a year and ninety days late, his Motion to Amend cannot cure his violation of the one-year statute of limitations, or make any amendment he may wish to proffer timely. His amendments cannot relate back to untimely issues raised in his untimely petition.

---

[2]*Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[3]" 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Kendall's Motion For Relief pursuant to Fed.R.Civ.P. 60(b)(1) be DISMISSED pursuant to 28 U.S.C. § 2244(b)(4), and his Motion to Amend be DENIED as without timely Petition to which to relate back. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 13th day of April 2010.

                                        **S/G. MALLON FAIRCLOTH**
                                        **UNITED STATES MAGISTRATE JUDGE**